FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 AUG -5 PM 1:38

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN MEMPHIS

|  |  |  |
|---|---|---|
| VINCENT BASS, | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-2318-Ma/P |
| FEDERAL EXPRESS CORPORATION, | X | |
| Defendant. | X | |

ORDER DENYING MOTION TO COMPEL PLAINTIFF'S FORMER ATTORNEYS
TO CONTINUE THE REPRESENTATION

On January 19, 2005, plaintiff's attorneys filed a motion to withdraw as counsel in this case. The stated reason for the motion was that communication between the plaintiff and his attorneys "have deteriorated to such a point that further representation is impossible." The memorandum filed by plaintiff's attorneys also stated as follows:

> Bradley W. Eskins would state, however, that he will provide a list of possible attorneys with whom Vincent Bass may consult in order to obtain substitute counsel and that he will assist Vincent Bass in any way possible to the extent reasonably practicable to protect Vincent Bass' interests by surrendering his file and by cooperating with substitute counsel to insure that Vincent Ball' rights are not prejudiced by the withdrawal of his attorney in this case.

The certificate of consultation represented that plaintiff had been informed that the motion to withdraw would be filed, and plaintiff

30

raised no objection. Plaintiff also raised no objection before this Court. Accordingly, the Court issued an order on January 20, 2005 granting that motion to withdraw.

Subsequently, on June 3, 2005, plaintiff filed a motion seeking to compel his former attorneys to continue the representation. As a preliminary matter, the Clerk should not have filed the motion, as it is not accompanied by a certificate of service demonstrating that a copy has been sent to defense counsel, as required by Fed. R. Civ. P. 5(a) & (d). In addition, because of the nature of this motion, a copy should have been served on defendant's former attorneys in order to permit them the opportunity to respond.

In order to avoid the filing of unnecessary motions, however, the Court will briefly address the merits of the plaintiff's motion. The fact that plaintiff has been unable to find substitute counsel willing to accept the case is not good cause to compel plaintiff's former attorneys to represent him. "There is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Plaintiff's former attorneys showed good cause for withdrawing, and plaintiff did not object to the withdrawal. The order granting the motion to withdraw imposed no conditions or limitations. In particular, as plaintiff's former attorneys no longer represent

2

him, it would not be appropriate for them to provide him with legal advice concerning the prosecution of this action.

Accordingly, plaintiff's motion is DENIED. He is advised that, if he desires to continue the prosecution of this action, he will have to proceed <u>pro se</u> unless he can find another attorney on his own who is willing to represent him.[1]

IT IS SO ORDERED this _____ day of August, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] As noted in the Court's May 14, 2004 order, plaintiff is not eligible for appointed counsel because he is not indigent.

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in case 2:04-CV-02318 was distributed by fax, mail, or direct printing on August 8, 2005 to the parties listed.

---

James E. King
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Richard C. Saxton
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Karen Vaughan McManus
FEDEX CORPORATION- Hacks Cross
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Vincent Bass
6869 Delta Newberry Cv.
Olive Branch, MS 38654

Honorable Samuel Mays
US DISTRICT COURT